IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| KYLAN R., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:24-cv-00172-BT |
| | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Kylan R.'s[1] civil action seeking judicial review under 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. For the reasons explained below, the Commissioner's decision is **REVERSED**.

## *Background*

Plaintiff alleges that he is disabled due to multilevel degenerative disc disease, bilateral shoulder bursitis, cervical spondylosis, sequelae of lumbar hemilaminectomy, and cervical spondylosis. Admin. R. at 122, 361 (ECF No. 6-1).[2] Plaintiff was born in 1970 and alleges a disability onset date of December 17, 2020.

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Citations to the administrative record refer to the CM/ECF page numbers at the top of each page rather than page numbers at the bottom of each filing.

*Id.* at 180, 358. After graduating high school, Plaintiff completed one year of vocational training. *Id.* at 180.

On February 28, 2022, Plaintiff applied for disability insurance benefits (DIB) under Title II of the Social Security Act (the "Act"). *Id.* at 319–20 (application for DIB). His claim was denied initially and upon reconsideration. *Id.* at 207–08, 218–19. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (ALJ), who conducted a hearing on February 14, 2024, via telephone conference. *Id.* at 236–37 (request for hearing), 304 & 308 (consenting to telephone hearing).

On April 1, 2024, the ALJ issued a decision finding that Plaintiff has not been under a disability within the meaning of the Act from his alleged onset disability date through the date of the decision, and thus not entitled to DIB. *Id.* at 129. As an initial matter, the ALJ found that Plaintiff met the insured status requirements under the Act on December 31, 2021. *Id.* at 122. Using the five-step sequential evaluation, the ALJ first found that Plaintiff had not engaged in substantial gainful activity from his alleged onset disability date through his date of last insured. *Id.* At the second step, the ALJ noted that Plaintiff experienced many severe impairments, including "multilevel degenerative disc disease, bilateral shoulder bursitis, cervical spondylosis, sequelae of lumbar hemilaminectomy, and cervical spondylosis." *Id.* At the third step, the ALJ determined that Plaintiff's impairments did not meet or medically equal any listed impairment in appendix 1 of the social security regulations. *Id.* at 123.

Before proceeding to step four, the ALJ found that Plaintiff had the residual function capacity (RFC) "to perform light work as defined in 20 CFR 404.1567(b) except he can climb ramps and stairs but never climb ladders, ropes, or scaffolds with occasional balancing, stooping, kneeling, crouching, and crawling." *Id.* at 124.[3] Finally, at step five, relying on the testimony of a vocational expert (VE), the ALJ determined that Plaintiff had the ability to perform the jobs of shipping weigher, small products assembler, and mail clerk, and that such jobs existed in significant numbers in the national economy. *Id.* at 128.

Plaintiff appealed the ALJ's decision to the Appeals Council. *Id.* at 113. The Appeals Council found no "basis for changing the [ALJ's] decision." *Id.* at 6–9 (decision of Appeals Council). Plaintiff then filed this action in federal district court.

### *Legal Standard*

Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and whether the proper legal standards were used. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quoting *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992)). The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. "[A]n ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (McBryde, J.) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009) (McBryde, J.)).

"Nevertheless, the substantial evidence review is not an uncritical 'rubber stamp' and requires 'more than a search for evidence supporting the [ALJ's] findings.'" *Hill v. Saul*, 2020 WL 6370168, at *6 (N.D. Tex. Sept. 29, 2020) (Ramirez, J.) (quoting *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984)), *adopted by* 2020 WL 6363878 (N.D. Tex. Oct. 29, 2020) (Lindsay, J.). The Court "must scrutinize the record and take into account whatever fairly detracts from the substantiality of the evidence supporting" the ALJ's decision. *Id.* A no-substantial-evidence finding is appropriate only if there is a "conspicuous absence of credible

4

choices" or "no contrary medical evidence." *Id.* (quoting *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988) (per curiam)).

### *Analysis*

In his sole point of error, Plaintiff contends that "[t]he ALJ erred in deciding [Plaintiff's] RFC with reference to only his lay judgment, failing to obtain any functional medical opinion evidence whatsoever." Pl.'s Br. at 1 (ECF No. 9). In response, the Commissioner argues that substantial evidence supports the ALJ's RFC determination. Def's Br. at 9 (ECF No. 10). Specifically, the Commissioner states that "[w]hat Plaintiff characterizes as the ALJ's impermissible lay interpretation of raw medical data is actually the ALJ properly interpreting the medical evidence to determine Plaintiff's capacity for work." *Id.* at 7–8.

The purpose of assessing a claimant's RFC is to determine the work that can be performed despite recognized limitations. *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) (per curiam); 20 C.F.R. § 404.1545(a)(1). "The RFC determination is a combined 'medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work.'" *Hill*, 2020 WL 6370168, at \*6 (cleaned up) (quoting *Hollis v. Bowen*, 837 F.2d 1378, 1386-87 (5th Cir. 1988) (per curiam)). It "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at \*1 (S.S.A. July 2, 1996). An individual's RFC should be based on all the relevant evidence in the record, including opinions submitted by

treating physicians or other acceptable medical sources. 20 C.F.R. § 404.1545(a)(3); *see also* SSR 96-8p, 1996 WL 374184, at *1.

In this case, the Court finds that ALJ's RFC determination is not supported by substantial evidence. The ALJ concluded that Plaintiff has the RFC "to perform light work as defined in 20 CFR 404.1567(b)[.]" Admin. R. at 124 (ECF No. 6-1). The ALJ further found that Plaintiff "can climb ramps and stairs" and occasionally "balance[e], stoop[ ], kneel[ ], crouch[ ], and crawl[ ]." *Id.* But the ALJ determined that Plaintiff could not "climb ladders, ropes, or scaffolds[.]" *Id.* In reaching this decision, the ALJ purportedly considered Plaintiff's symptoms, the objective medical evidence, and other evidence. *Id.* The ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" *Id.* at 124–25.

Specifically as to Plaintiff's back, neck, and shoulder pain, the ALJ detailed Plaintiff's significant medical history, including a history of surgeries, such as spinal fusions; limited lumbar spine range of motion; muscle spasms and guarding; decreased lower extremity sensation; and limited mobility. *Id.* at 125. The ALJ also noted Plaintiff's physical therapy sessions, which reflected difficulty squatting, bending, and twisting; lower extremity tension; and back pain with forward flexion. *Id.*

The ALJ based the limitations on medical evidence that Plaintiff tested "negative for numbness" at a November 2020 exam, demonstrated "good progress in physical therapy" in 2021, and shared that he "felt like he did not need narcotics." *Id.* The ALJ highlighted that physical therapy records in September 2021 "reflected that he could bench press 35-85 pounds, deadlift 55 pounds, and row 20 pounds with a variety of other exercises." *Id.* at 126. The ALJ also noted that Plaintiff's testimony about his limitations was inconsistent with the record evidence. *Id.* For example, the ALJ noted that while Plaintiff testified that he could barely perform household chores, Plaintiff reported "pushing his limits at work" and "doing well overall." *Id.*

Notably absent from the ALJ's decision is reference to any medical source evidence on how Plaintiff's alleged symptoms affected his ability to work. The ALJ noted that the state agency medical consultants found insufficient evidence to establish the severity of Plaintiff's medically determinable impairments. *Id.* at 127, 196–97 (state agency consultant finding insufficient evidence and omitting RFC assessment), 202–04 (same). However, the ALJ found that "the record contained ample evidence to establish severe back and neck impairments," and accordingly, the ALJ found the state medical consultants' opinions unpersuasive. *Id.* at 127.

As the Commissioner correctly argues, "[t]here is no requirement that an ALJ's RFC finding must mirror or match a medical opinion." Def.'s Br. at 6 (ECF No. 10); *Nic R. v. Kijakazi*, 2023 WL 2529930, at *3 (N.D. Tex. Feb. 21, 2023) (citation omitted) (Rutherford, J.), *adopted by* 2023 WL 2531492 (N.D. Tex. Mar.

15, 2023) (Kinkeade, J.). And "[e]ven the absence of medical opinions does not necessarily render a record inadequate to support an ALJ's RFC determination." *Id.* at \*5 (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) and *Joseph-Jack v. Barnhart*, 80 F. App'x 317, 318 (5th Cir. 2003) (per curiam)). But "as a non-medical professional, the ALJ is not permitted to 'draw his own medical conclusions from some of the data, without relying on a medical expert's help.'" *Kenneth S. v. Saul*, 2019 WL 3881618, at \*5 (N.D. Tex. July 31, 2019) (Horan, J.) (quoting *Frank v. Barnhart*, 326 F.3d 618, 621–22 (5th Cir. 2003)), *adopted by* 2019 WL 3859653 (N.D. Tex. Aug. 15, 2019) (Lindsay, J.). ALJs must resist the urge to "play[ ] doctor" and make independent medical assessments. *Id.* at \*7 (citation omitted); *see also Wanda K.W. v. Commissioner*, 2024 WL 1078300, at \*3 (N.D. Tex. Feb. 22, 2024) (Toliver, J.) ("The ALJ also may not rely on her own unsupported opinion of the limitations the claimant's medical conditions might present."), *adopted by* 2024 WL 1078242 (N.D. Tex. Mar. 11, 2024) (Scholer, J.). This is because "[c]ommon sense can mislead" and "lay intuitions about medical phenomena are often wrong." *Frank*, 326 F.3d at 622 (citation omitted).

The evidence cited by the ALJ merely describes Plaintiff's medical impairments. *See, e.g.*, Admin. R. at 321 (ECF No. 6-2) (noting that x-ray revealed "overall good alignment with his instrumentation"), 78 (2020 exam noting "[n]egative for seizures, numbness or paralysis"); *id.* at 56, 58, 60, 62, 64, 66, 68, 70, 72, 74, 76 & 78 (ECF No. 6-3) (noting low back pain, muscle weakness, muscle spasms, and joint stiffness), 56 (noting hamstring tightness), 59 (noting knee pain

when squatting), 68 (noting increased lower back pain with "forward flexion in standing and sitting"), 246 (imaging results finding "[m]ild chronic degenerative disc disease," "disc space narrowing," and "marginal ossified formation"), 278–79 (imaging findings of "minimal degenerative hypertrophy," "[d]egenerative changes of the spine," and "[n]o acute abnormality"). But evidence that merely describes Plaintiff's impairments without discussing how those impairments limit his ability to work cannot support the RFC determination. *See Lucia G. v. Commissioner*, 2025 WL 1797921, at \*6 (N.D. Tex. June 30, 2025) (McKay, J.) ("The ALJ may draw reasonable inferences from the evidence in making his decision, but the social security ruling also cautions that presumptions, speculation, and supposition do not constitute evidence."). Although there is evidence from Plaintiff's physical therapy sessions revealing that he could perform certain exercises and lift certain weights, there is no evidence of Plaintiff's ability to sustain an exertional capacity on a regular and continuing basis. *See Tiede v. Dudek*, 770 F. Supp. 3d 965, 972 (W.D. Tex. 2025) ("Although some of Plaintiff's subjective reports in the record indicate that her treatments were helping, the records say nothing regarding her exertional capacity and for how long it could be sustained."); SSR 96-8p, 1996 WL 374184, at \*1 (defining a "regular and continuing basis" as "8 hours a day, for 5 days a week, or an equivalent work schedule").

Although the Commissioner argues that *Ripley* does not apply here, Def.'s Br. at 8 (ECF No. 10), the *Ripley* court similarly observed that the record included

"a vast amount of medical evidence establishing that [the claimant] ha[d] a problem with his back," but it did "not clearly establish" what effect that "condition had on his ability to work." *Ripley*, 67 F.3d at 557. And, like *Ripley*, the evidence related to Plaintiff's ability to work largely comes from his own testimony and statements. *See, e.g.*, Admin. R. at 321 (ECF No. 6-2) (Plaintiff sharing he needs "something to help relax his left leg pain" and has trouble sleeping); *id.* at 52 (ECF No. 6-3) (Plaintiff reporting increased lower back pain and numbness "if he does a lot of physical activity, manual labor, bending, lifting & twisting during the day"), 62 (noting increased discomfort when walking and a "dull and achey [sic]" lower back), 66 (Plaintiff stating that he avoids bending and twisting and experiences heel pain), 52 (Plaintiff reporting that his right foot was "feeling much better" but also noting pain with neck and shoulder), 58 (Plaintiff stating he felt "slight relief" from spinal injection); *see also Ripley*, 67 F.3d at 557 ("The only evidence regarding Ripley's ability to work came from Ripley's own testimony."); *Williams v. Astrue,* 355 F. App'x 828, 832, n.6 (5th Cir. 2009) (per curiam) ("[A]n ALJ may not—without opinions from medical experts—derive the applicant's [RFC] based solely on the evidence of his or her claimed medical conditions.").

The ALJ determined that limitations were warranted, but the record lacks any medical expert opinion on what those specific limitations should be. Indeed, the record shows that the state agency consultants lacked sufficient evidence to make a disability determination, and the ALJ found the state agency findings unpersuasive. Admin. R. at 127 (ECF No. 6-1) (ALJ decision), 196–97 (state agency

consultant finding insufficient evidence and omitting RFC assessment), 202–04 (same); *Lucia G.*, 2025 WL 1797921, at \*8. And the Commissioner does not point to any medical source evidence describing the effect of Plaintiff's impairments on his ability to work. Thus, the Court concludes that the ALJ crafted Plaintiff's RFC based on his own determination of what Plaintiff's impairments required. While the RFC is ultimately the ALJ's determination, there is no foundational basis for the ALJ's RFC in this case. *See Lucia G.*, 2025 WL 1797921, at \*8 (finding that ALJ "substituted her own lay opinion for that of the medical expert opinions of record" when determining that the plaintiff could perform light work); *Tiede*, 770 F. Supp. 3d at 973 (noting that the records did not indicate how long how long the plaintiff's exertional capacity could be sustained and thus the ALJ failed to develop the record); *Esther D.J. v. Kijakazi*, 2022 WL 5434335, at \*6 (S.D. Tex. Aug. 3, 2022) (concluding that the ALJ "simply relied on underlying raw medical data and interpreted it to reach his own conclusion as to what Plaintiff's limitations were to support his RFC determination"), *adopted by* 2022 WL 5430194 (S.D. Tex. Aug. 19, 2022).

Nevertheless, "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam) (citations omitted). Rather, "Plaintiff must show he was prejudiced by the ALJ's failure to rely on medical opinion evidence in assessing his RFC." *Antonio A. v. O'Malley*, 2024 WL 495260, at \*6 (N.D. Tex. Feb. 7, 2024) (Rutherford, J.)

(citing *Mays*, 837 F.2d at 1364). Stated differently, "[t]o establish prejudice, he must show that the ALJ's failure to rely on a medical opinion" as to the effects his impairments had on his ability to work "casts doubt on the existence of substantial evidence supporting the disability determination." *Id.* (citing *McNair v. Comm'r of Soc. Sec. Admin.*, 537 F. Supp. 2d 823, 837 (N.D. Tex. 2008)).

Courts in this district and other districts throughout Texas have found that "the ALJ's failure to rely on a medical opinion concerning the claimant's RFC necessarily casts doubt on the disability determination." *Amy Y.*, 2023 WL 5209813, at *7 (N.D. Tex. July 25, 2023) (Bryant, J.) (collecting cases*); Lucia G.*, 2025 WL 1797921, at *9 (finding that ALJ's error was not harmless and remanding where "the ALJ rejected all available medical opinions, cited raw medical data, and made judgments regarding the claimant's RFC"); *Tiede*, 770 F. Supp. 3d at 971–73 (finding prejudice and remanding where there was no medical opinion on the plaintiff's ability to work and the sole evidence on her ability to work came from her own testimony); *Antonio A.*, 2024 WL 495260, at *6 (finding prejudice and remanding where the administrative record lacked medical opinions on the effects of the plaintiff's impairments on his ability to work); *Donna A.*, 2023 WL 5004867, at *6 (N.D. Tex. July 17, 2023) (Bryant, J.) (finding prejudice and remanding where the administrative record did "not clearly establish how [p]laintiff's conditions impact[ed] her ability to perform medium work and there [were] no medical opinions to otherwise serve as a foundation for that decision"), *adopted by* 2023 WL 5004073 (N.D. Tex. Aug. 4, 2023) (Hendrix, J.). As in the above cases, the

Court concludes that Plaintiff was prejudiced by the ALJ's failure to obtain a medical opinion and remand is required.

Indeed, if the ALJ had fully developed the record by using the many options available to receive a medical opinion—a consultive examination, a medical source statement, an evaluation of the new records by state agency medical consultants, a treating source opinion, or interrogatories—the evidence could have led to a more limiting RFC. As Plaintiff contends, "Plaintiff would have been disabled if found capable of less than light work" under the Medical-Vocational Guidelines. Pl.'s Br. at 13 (ECF No. 9).

### *Conclusion*

For the reasons stated, the Court **REVERSES** the Commissioner's decision and **REMANDS** the case to the Commissioner for further proceedings.

**SO ORDERED.**

March 26, 2026.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE